## H. J. SPRADLIN *v.* W. M. KENDALL, ET AL.

**Liability of Officer for Failure to Collect.**

Where in a suit against an officer for failing to make a levy on an execution it is shown that he was honestly in doubt whether property belonged to the execution defendant, and where he believed such defendant had no property subject to execution and demanded from plaintiff a bond of indemnity, which was refused, he is not liable for such failure.

### APPEAL FROM MORGAN CIRCUIT COURT.

June 18, 1878.

OPINION BY JUDGE COFER:

We perceive no valid objection to the instructions given by the court.

In the first instruction the jury were told that if Day had property subject to seizure under the fi. fa. while they were in Kendall's hands, they should find for the plaintiff, unless they believe as defined in instruction No. 2.

And in that instruction they were told in effect that they should find for the defendants, if they believed Kendall had made diligent search for property and failed to find it, or that he doubted whether property in Day's possession was subject to seizure,. and demanded an indemnifying bond and that the appellant refused to give it.

It is true the answer did not contain an averment that Day had property, and that the officer doubted whether it was liable to seizure, and on that account demanded the bond. But it did contain averments that Day had no property subject to the executions, and that a bond of indemnity was demanded and refused, and moreover that the appellant was asked to point out property to be levied upon, and declined to do so.

Kendall was not bound, in order to get the benefit and demand a bond, to admit that Day had property. He had a right, if he believed that it was true, to deny that there was any property subject to the fi. fa., and to set up his demand that a bond be given, and to protect himself under it in case it should be known that Day had such property. The allegation that he had no property subject to seizure was equivalent to an allegation that he doubted whether any property Day had in possession was subject.

The evidence conduced to prove that he had in his possession, about the time the officer had the executions, property which was not exempt if it belonged to him. But there was some evidence conducing to prove that it belonged to others, and certainly enough to warrant the jury in finding for the defendants, and in giving the instruction relating to an indemnifying bond.

The instruction on that branch of the defense being correct, and the evidence being sufficient to support a finding on that ground for the defendants, we could not reverse the judgment if we were satisfied that the overwhelming weight of evidence was in favor of

the conclusion that there was property subject to levy and sale.

Judgment *affirmed.*

Judge Elliott not sitting.

*J. T. Hazalrigg & W. H. Holt, for appellant.*

*J. E. Cooper, for appellees.*

